UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JEFFREY L. MITCHELL, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-1254-DFH-TAB |
| | ) | |
| CRAIG HANKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions for Summary Judgment**

Plaintiff Jeffrey Mitchell ("Mitchell") was formerly confined at the New Castle Correctional Facility ("New Castle") and alleges that while there he was denied procedural due process when he was forced to take psychotropic medications. The defendants seek resolution of Mitchell's claim through the entry of summary judgment.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

The defendants have met the above burden through their unopposed motions for summary judgment.[1] Those motions must therefore be **granted.** The court reaches this conclusion based on the undisputed evidentiary record showing the following: Mitchell is a prisoner of the State of Indiana and was placed in New Castle on May 4, 2006. Mitchell was transferred to New Castle for treatment of his mental health problems and arrived at New Castle with a history of mental health problems, including paranoid ideation, violent behavior toward others, erratic and psychotic behavior, antisocial personality disorder,

---

1 Mitchell has failed to respond to the motion for summary judgment. Accordingly, the factual assertions on which the motion for summary judgment is based and which are properly supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). The Seventh Circuit Court of Appeals has consistently "sustained entry of summary judgment where 'the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997)(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

depression, auditory hallucinations, and severe persecutory delusions. While at New Castle, Mitchell's psychiatric care providers, including defendants Dr. Dobyns and Dr. Glasson, determined that he should be placed on the drug Prolixin, which is used to treat delusional disorders. However, Mitchell refused to take his medications. In a setting such as this, the Indiana Department of Correction has promulgated a directive with regard to the involuntary administration of psychotropic medication. Under this directive, the medical treatment review committee shall conduct a hearing as soon as possible upon determining that an inmate needs involuntary medication, the inmate is to receive at least twenty-four hour notice of the time and place of the hearing, and the inmate is given the opportunity to attend the hearing, present evidence, and cross-examine the staff witnesses. These procedures were followed at New Castle in Mitchell's case, with the hearing having been conducted on June 9, 2006. At the conclusion of the hearing, the medical treatment review committee approved the involuntary administration of Prolixin to Mitchell. The committee determined that the involuntary administration of medication was medically necessary for Mitchell's health, as well as for the safety of the staff and other inmates at New Castle. The involuntary administration of Prolixin to Mitchell began on June 12, 2006, and continued until August 5, 2006, by which time his behavior and thought process improved. During this period of time and in the course of administering Prolixin to Mitchell, force was not used to administer the medication. Mitchell was transferred to another facility on August 18, 2006. New Castle Superintendent Craig Hanks was not personally involved with the decision to medicate Mitchell involuntarily, was never present when Mitchell received his medication, and was never informed or had reason to believe that excessive force was used to carry out the decision to medicate Mitchell involuntarily.

Involuntary administration of antipsychotic drugs implicates the liberty protected by the Due Process Clause of the Fourteenth Amendment, but there is no absolute ban on involuntary medication. See *Washington v. Harper,* 494 U.S. 210, 221-22 (1990). "[W]here an inmate's mental disability is the root cause of the threat he poses to the inmate population, the State's interest in decreasing the danger to others necessarily encompasses an interest in providing him with medical treatment for his illness." *Id.* at 225-26. Thus, the Due Process Clause permits a state "to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. The circumstances described above show both that the substantive criterion was satisfied and that all associated procedural protections were provided.

The defendants' motions for summary judgment are **granted.** Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 3/21/2008